Per Curiam.

This court is of the opinion that the information obtained by Bates in his examination of Thom, which examination was a part of the traction company’s preparation for trial, and which information was turned over to the company’s attorney is privileged information of the company, and that, since Thom, as shown by the allegations of his petition, is fully informed in respect to the medical findings, diagnosis and prognosis as to his injuries, the information obtained by Bates is not such a necessary link in Thom’s case as to permit him to elicit such information from Bates by deposition.
The memoranda and reports which Bates delivered to Riley as attorney for the traction company are privileged, and Riley can not be required to turn them over to Thom.
“* * * this court has often held that reports and records concerning an accident in which a party is involved, which reports and records, according to the custom of such party, are turned over to and remain in the possession of such party’s attorney, are privileged communications, and that no one can be required to produce them [or testify concerning them] in an action relating to such accident brought by or against such *48 party.” In re Story, 159 Ohio St., 144, 147, 111 N. E. (2d), 385.
The judgment of the Court of Appeals in cause No. 35201, ordering Bates remanded to custody, is reversed, and the judgment of that court in cause No. 35219, ordering Riley discharged from custody, is affirmed.

Judgment reversed in cause No. 35201.

Judgment affirmed in cause No. 35219.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Herbert, JJ., concur.